IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:11-CV-00063-KD-M |
| ) | |
| DELOIS WARREN, INDIVIDUALLY and ) | |
| d/b/a BRANJALO TAX SERVICE, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the Court on the United States' Motion for Default Judgment. (Doc. # 9). Defendant Delois Warren, individually and doing business as Branjalo Tax Service was properly served and has failed to appear in this action. Entry of default was made against Warren on August 24, 2011. (Doc. # 8). Having considered the motion, the file, and the applicable law, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction against Delois Warren, individually and doing business as Branjalo Tax Service.

The Court finds that Warren has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 and in other fraudulent conduct that substantially interferes with the administration of the internal revenue laws. 26 U.S.C. § 7407(b)(1)(A), (D). The Court further finds that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent Warren, and anyone acting in concert with her, from further engaging in such conduct.

1

The Court further finds that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to prevent Warren's interference with the proper administration of the internal revenue laws, that Warren should be enjoined from further acting as a federal tax return preparer under 26 U.S.C. § 7407.

The Court further finds that Warren engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent Warren, and anyone acting in concert with her, from further engaging in such conduct.

The Court further finds that Warren engaged in conduct that interferes with the enforcement of the internal revenue laws, and that the United States has proven the traditional factors for a permanent injunction. Therefore, the Court finds that injunctive relief is appropriate pursuant to 26 U.S.C. § 7402(a) to prevent recurrence of such conduct.

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant Delois Warren, and those persons in active concert or participation with her, are enjoined from directly or indirectly:

    (a) Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns for any person or entity other than herself;

    (b)    Understating taxpayers' liabilities as prohibited by 26 U.S.C. § 6694;

    (c)    Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701; and

    (d)    Engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

IT IS FURTHER ORDERED that defendant Warren mail an executed copy of this injunction to all persons for whom she has prepared a federal tax return or form since January 1, 2007. Defendant must mail the copies within 15 days of the date of this order and must, within 5 days thereafter, file with the Court a sworn certificate stating that she has complied with this requirement. The mailings shall include a cover letter in a form either agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures except those specifically mentioned therein.

IT IS FURTHER ORDERED that defendant Warren produce to counsel for the United States, within fifteen days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom she prepared federal tax returns since January 1, 2007; and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce this injunction and the United States is permitted to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure to ensure compliance with this permanent injunction.

IT IS SO ORDERED this 14th day of December, 2011

KRISTI K. DuBOSE
United States District Judge